IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

**LOS LUNAS PUBLIC SCHOOLS**
**BOARD OF EDUCATION,**

    **Plaintiff/Counterdefendant,**

v.                                                      No. CIV 03-299 BB/LFG

**JOSE ARAGON, et al.,**

    **Defendants/Counterclaimants,**

**ALBUQUERQUE PUBLIC SCHOOLS**
**BOARD OF EDUCATION, et al.,**

    **Crossdefendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before this Court for consideration of a motion for intervention filed by Crossdefendants (Doc. 11), as well as a motion to dismiss filed by Defendants/ Counterclaimants (Doc. 14). The Court has reviewed the submissions of the parties and the relevant law, and finds that the motion for intervention is moot and the motion to dismiss should be denied.

**Motion for Intervention:** This case has been consolidated with another case, *Aragon v. Los Lunas Bd. of Educ., et al.*, No. CIV 03-434. The Court has attempted to denominate the parties accordingly, in the caption of this case. Crossdefendants ("APS"), who filed the motion to intervene, state in their reply brief that if they are to be allowed full participation in this case as a result of the consolidation, the motion is moot. The Court does intend to allow APS to participate fully in this case; therefore, the intervention motion is moot and will be denied.

**Motion to Dismiss:**  Defendants ask for dismissal of the action filed by Plaintiff, on the grounds that the administrative process has not yet been exhausted and for that reason there is no final order for the Court to review.  Defendants appear to also argue that the action they themselves filed should also be dismissed, because it was filed only as a provisional matter to protect their rights under any possible procedural scenario.  The Court disagrees with Defendants' position, due primarily to the unique circumstances under which both actions arrived in federal court.

As the parties are aware, both the action filed by Plaintiff and the lawsuit filed by Defendants arose out of the same administrative proceedings.  Summarized briefly, those proceedings were as follows:  (1) Defendants requested a due process hearing and a hearing officer was appointed under New Mexico's two-tiered administrative process under the IDEA[1] statute; (2) the hearing officer dismissed several of Defendants' claims as to various school years, ruling that the claims were barred by the applicable statute of limitations; (3) the hearing officer also ruled against Defendants on the merits as to one school year, deciding that Plaintiff had provided a free appropriate public education to Matthew Aragon, a student entitled to special education, by following an adequate individualized education program ("IEP") in accordance with the requirements of IDEA; (4) Defendants appealed the hearing officer's decision to an administrative appeal officer ("AAO"), who reversed the hearing officer's decision as to the applicable statute of limitations and did not address the hearing officer's decision on the merits; (5) on remand from the AAO, the hearing officer refused to take any further action in the case, based on her belief that the controlling statutes and regulations do not provide authority for such a remand; (6) as a result, the administrative proceedings are languishing in procedural limbo,

---

[1] Individuals with Disabilities in Education Act, 20 U.S.C. § § 1400 *et seq.*

awaiting a court order or some other impetus that might spur the hearing officer or the AAO to conduct any necessary hearings and resolve the remaining issues.

Under these circumstances, the Court is reluctant to dismiss the pending case, although the Court agrees that the administrative remedies have not yet been fully exhausted and no true final order has yet been entered by an administrative entity. If the case is dismissed at this point, it is entirely possible Defendants' claims will continue to remain unaddressed, caught in the dispute between the AAO and the hearing officer over the former's authority to remand matters to the latter.[2] While there might be some legal dispute over the division of authority between the AAO and the hearing officer, as well as the ability of a hearing officer to hear a case on remand from an AAO, the Court has no doubt that it has the power to remand a case to the hearing officer or AAO where such action is necessary to allow development of a factual record for this Court to review. *See Carlisle Area Sch. v. Scott P.*, 62 F.3d 520, 526 (3d Cir. 1995) (district court had authority to remand case to administrative entity to facilitate district court's ability to fairly review the entity's decision). Dismissing this case would deprive all parties, including Defendants, of a possible opportunity to break the administrative logjam that exists in this case.

At this point, then, this appears to be a case in which resort to further administrative proceedings will certainly be futile or will fail to provide any relief to Defendants, given the

---

[2]The Court understands there is a mandamus action pending in state court, presumably asking the state court to order the hearing officer to take action and hold the hearing that appears to be required by the AAO's decision. No party has informed the Court of the status of the mandamus action. The Court might be willing, given a proper showing, to abstain from hearing this case or to hold it in abeyance pending a decision from the state court, should such a decision appear reasonably imminent and should the requirements for abstention or stay be met. At this point, however, no such showing has been attempted by any party.

3

hearing officer's refusal to take any further action in the matter.[3]  Where that is the case, exhaustion of administrative remedies is not required in an IDEA case.  *Urban v. Jefferson County Sch. Dist. R-1*, 89 F.3d 720, 724 (10th Cir. 1996).  The Court will therefore deny the motion to dismiss.

**Pending Motion for Summary Judgment:**  Plaintiff has filed a motion for summary judgment addressing the statute-of-limitations issue.  Resolution of that issue is necessary to allow determination of what matters, if any, will need to be remanded to the hearing officer or the AAO.  However, APS has not yet had an opportunity to address the limitations question.  Therefore, if APS wishes to file its own brief on the issue rather than relying on Plaintiff's briefing, APS should file such a brief by January 15, 2004.  Defendants will be allowed an opportunity to respond to any brief filed by APS, in accordance with the usual briefing timelines provided by this District's local rules.

**Conclusion:**  Based on the foregoing, the Court will deny the motion for intervention as moot and will deny the motion to dismiss.  The Court will address the motion for summary judgment after APS has had an opportunity, if it should so wish, to file a brief addressing the issue.

## ORDER

Based on the foregoing Memorandum Opinion, it is ORDERED that the motion for intervention (Doc. 11) and the motion to dismiss (Doc. 14) be, and hereby are, DENIED.

---

[3]In fact, given the foregoing discussion of the administrative posture of this case, it is not clear to the Court why Defendants want this case to be dismissed, when such dismissal will put them back in a situation in which nothing is being done concerning their claims.

Dated this 23rd day of December, 2003.

*[signature]*
UNITED STATES DISTRICT JUDGE

Attorneys:

For Plaintiff/Counterdefendant:
Jacquelyn Archuleta-Staehlin
Patricia Salazar Ives

For Defendants/Counterclaimants:
Gail Stewart
Tara Ford

For Crossdefendants:
Michael L. Carrico