**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BOARD OF EDUCATION OF THE
LOS LUNAS PUBLIC SCHOOLS,

   Plaintiff/Counterdefendant,          Civ. No. 03-434 JCH/LFG

vs.                        Consolidated with
                         Civ. No. 03-299 JCH/LFG

JOSE AND PATRICIA ARAGON
on behalf of MATTHEW ARAGON
and MATTHEW ARAGON,

   Defendants/Counterclaimants,

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION, and NEW MEXICO
PUBLIC EDUCATION DEPARTMENT.

   Crossdefendant/Intervenor.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Jose and Patricia Aragon's Motion for Stay and Limited Remand to Administrative Forum, filed November 15, 2004 **[Doc. No. 43]**.  The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well taken in part and will be granted in part.

### BACKGROUND

The dispute here initially arose when Jose and Patricia Aragon (the "Aragons") filed a request for a due process hearing with the New Mexico State Department of Public Education ("PED") in April 2002, claiming that the Los Lunas Public School District ("Los Lunas") and Albuquerque Public School District ("APS") (the "Districts") violated the Individuals with Disabilities Education Act ("IDEA") by failing to provide their son Matthew Aragon with a free

appropriate public education as required by the IDEA. At the due process hearing, the Districts filed separate pre-hearing motions seeking to dispose of some or all of the Aragons' claims on the ground that the claims were barred by the statute of limitations. Specifically, the Districts argued that a two-year statute of limitations, borrowed from the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-1 *et seq.*, should be applied to the Aragons' claims. In contrast, the Aragons argued that a three-year statute of limitations, borrowed from New Mexico's general statute of limitations applicable to personal injury actions, *see* N.M. Stat. Ann. § 37-1-8 (1975), should be applied.

On July 9, 2002, the Independent Hearing Officer ("IHO") dismissed all claims against APS and some claims against Los Lunas after determining that a one-year statute of limitations, which the IHO borrowed from the New Mexico Human Rights Act ("NMHRA"), barred the claims. The IHO found that the IDEA contained an implied one-year statute of limitations. The IHO subsequently found in favor of Los Lunas on the merits of the Aragons' remaining claims in a decision dated September 17, 2002. The Aragons timely appealed the decision on the merits as well as the earlier decision regarding the one-year statute of limitations. The appeals were consolidated for review by the Administrative Appeals Officer ("AAO").

On February 6, 2003, the AAO entered a final order reversing the IHO's pre-hearing ruling on the statute of limitations, finding that the proper limitations period should be borrowed from New Mexico's statute of limitations governing personal injury actions and reinstating the Aragons' claims against the Districts falling within the three-year personal injuries limitations period. In her original order, the AAO gave the parties an opportunity to introduce additional

evidence before the AAO regarding the previously-unheard claims that fell outside a one-year but within a three-year statute of limitations.  The parties, however, in an effort to preserve New Mexico's two-tier system of due process granting the right to a hearing and an administrative appeal, asked the AAO to remand the matter to the IHO.  The AAO granted the parties' request.

On February 13, 2003, the IHO notified the AAO and the parties that she "seriously question[ed]" the AAO's authority to remand the case and the IHO's jurisdiction over the case. The IHO further stated that she would not proceed without "contractual agreement" from the Districts or an order from a court of competent jurisdiction requiring the IHO to accept the remand.  The Aragons filed a state court writ of mandamus on March 10, 2003, requesting that the court command PED to make various systemic changes to the state due process administrative procedure.  The writ was denied.

In an apparent standstill, Los Lunas filed this action in federal court against the Aragons on March 10, 2003.  The same day, the Aragons filed an appeal of the IHO's decision and a complaint for damages against the Districts and PED in New Mexico's Second Judicial District Court.  The Defendants removed the state action to this Court, where, in a July 10, 2003, order, it was consolidated with the federal action filed by Los Lunas.[1]

Los Lunas filed a Motion for Summary Judgment on July 16, 2003, asking the Court to borrow the one-year limitations period from the NMHRA and apply that limitations period to determine the timeliness of the Aragons' request for a due process hearing under the IDEA.  In

---

[1] In the July 10, 2003, Order consolidating the cases, the Court indicated that the lead case should be *Los Lunas Schools Board of Education v. Jose Aragon et al.*, 03-CV-0299, and that all subsequent pleadings should be filed in that lead case.

response, the Aragons argued that the Court should adopt and affirm the AAO's decision borrowing the three-year limitations period from New Mexico's general statute of limitations governing personal injury actions. In a Memorandum Opinion and Order dated September 30, 2004, the Court held that the two-year limitations period from the New Mexico Tort Claims Act governs the timeliness of requests for due process hearings under the IDEA.

On November 15, 2004, the Aragons filed the present Motion for Stay and Limited Remand to Administrative Forum.

## DISCUSSION

In their Motion for Stay and Limited Remand, the Aragons ask the Court to remand their IDEA claim to either the IHO or AAO to take additional evidence consistent with the Court's September 30, 2004, Memorandum Opinion and Order, and to stay this proceeding until the Aragons exhaust the administrative process. The Aragons also ask the Court to provide "specific guidance [to the IHO or AAO] to eliminate any confusion in the administrative forum as to the Court's expectations for procedure to be followed for the taking of evidence and administrative appeal." Defendants oppose the motion.

Los Lunas argues that the Court should dismiss the Aragons' IDEA claim against it because the Aragons failed to exhaust their administrative remedies. Los Lunas makes this argument in its response to the Aragons' Motion for Stay and Limited Remand and not in a separately-filed motion to dismiss. Even if Los Lunas properly had filed a motion to dismiss, the Court would decline to dismiss the Aragons' IDEA claim against Los Lunas. The Aragons unsuccessfully attempted to exhaust their administrative claims, and the Court already has held

that because the IHO refused to take any further action in the matter, exhaustion of administrative remedies was not required. *See* Mem. Op. & Order, dated Dec. 23, 2003 (citing *Urban v. Jefferson County Sch. Dist. R-1*, 89 F.3d 720, 724 (10th Cir. 1996) (exhaustion of administrative remedies not required when administrative remedies would be futile or when they would fail to provide relief)). The Court therefore already has held that it has jurisdiction over this case. The Court also has held that it has the power to remand a case to the state administrative system to provide the parties with an opportunity to develop a factual record for the Court to review. *See id.* (citing *Carlisle Area Sch. v. Scoot P.*, 62 F.3d 520, 526 (3d Cir. 1995) (district court had authority to remand a case to administrative entity to facilitate district court's ability to review the entity's decision), *cert. denied*, 517 U.S. 1135 (1996)). Accordingly, this Court need not dismiss, and in fact may remand, the Aragons' IDEA claim.

In addition, the Court declines to dismiss the Aragons' IDEA claim because dismissal would not serve the ends of justice. First, dismissal would not be efficient because the Aragons may be forced to ask the Court hear the additional evidence on the IDEA claim if, upon remand, the prior stalemate resurrects itself. The Court does not intend to grant the Aragons' request for specific guidance as to the Court's "expectations" with respect to the state administrative procedure. PED has devised an administrative scheme implementing the agency review procedure contemplated by the IDEA, and the Court is not in the position to instruct PED how to implement that state process.[2] Accordingly, it is entirely possible that the parties will be faced

---

[2] The Court declines to instruct PED how to conduct its state administrative process when the adequacy of that process is not presently before this Court. Although PED is a defendant in this litigation, the Aragons' Complaint contains allegations relevant only to PED's role in the Districts' failure to provide Matthew Aragon with a public education. *See generally* Compl. filed

once again with an administrative logjam and the Court will be required to hear the additional evidence on the IDEA claim. Second, dismissal of the IDEA claim would not be efficient because the Aragons' ADA, Section 504, and IDEA claims arise out of a common nucleus of operative facts and therefore should be litigated together.

APS and PED argue that the Court should deny the Aragons' motion for a stay because the time lapse during the stay will prejudice them. Specifically, APS and PED argue that the delay will exacerbate the problem of witness and evidence unavailability. PED also claims that a stay will limit PED's ability to pursue dispositive motions. In response, the Aragons maintain that a stay will result in only a minor delay not prejudicial to APS or PED.

If the IHO hears the remaining evidence on the IDEA claim, New Mexico regulations require that the hearing be held and a decision rendered within 45 days. *See* N.M.A.C. 6.31.2.13(I)(15)(a). Under the two-tier system for administrative review, either party could appeal to the AAO within 30 days. *See id.* at 6.31.2.13(I)(16)(b). New Mexico regulations require the AAO to issue a decision within 30 days. *See id.* at 6.31.2.13(I)(16)(d). Accordingly, if the Court orders a stay, the length of the stay likely will be less than four months. In addition, the Aragons point out that PED has not filed a dispositive motion (as of the date of the Aragons' reply and as of the date of this Memorandum Opinion and Order), and therefore PED would not be prejudiced by a four-month stay. The Aragons also maintain, and the Court agrees, that severing APS's and PED's claims is inefficient because the Aragons' claims against APS, PED,

---

in *Jose Aragon et al. v. Los Lunas Bd. of Educ. et al.*, 03cv434 JCH/LFG. This issue is separate and distinct from the adequacy of PED's procedures for handling IDEA administrative complaints.

and Los Lunas are related and should be litigated together.

In the event the Court does not dismiss the Aragons' claims, Los Lunas and PED ask the Court to allow the parties to conduct additional briefing to decide which claims should be remanded. The Court does not believe that additional briefing is necessary at this time. Accordingly, the Court declines to grant the request.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that the Aragons' Motion for Stay and Limited Remand to Administrative Forum, filed November 15, 2004 **[Doc. No. 43]**, is hereby **GRANTED IN PART** as follows:

1. The Court remands the Aragons' IDEA claim to the state administrative system for the taking of evidence consistent with the Court's Memorandum Opinion and Order dated September 30, 2004; and

2. The Court stays the litigation in this case until such time as the administrative process is complete or the Court orders otherwise.

Dated this 18th day of August 2005.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE