IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOS LUNAS PUBLIC SCHOOLS
BOARD OF EDUCATION et al.,

      Plaintiff,

vs.                                                                               CV 03-299 JCH/LFG
                                                                 (Consol. w/ CV 03-434 JCH/LFG
                                                                  and CV 06-532 JCH/LFG)

JOSE and PATRICIA ARAGON,
on behalf of MATTHEW ARAGON,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Additional Evidence as to IDEA "Child Find" Claim against APS and Los Lunas, filed February 12, 2007 **[Doc. 140]**. The Court having considered the motion, memoranda, arguments of counsel, and relevant law, and having reviewed the administrative record, finds that the motion is not well taken and shall be denied.

**BACKGROUND**

On April 17, 2002, Plaintiffs filed a Due Process Hearing Request with the New Mexico State Department of Education (now the New Mexico Public Education Department, or NMPED), stating claims against the Los Lunas Public Schools, the Albuquerque Public Schools, and the NMPED. The NMPED refused to appoint a due process hearing officer to hear any claims against it, and there has been no administrative evidentiary hearing on Plaintiffs' IDEA claims against the NMPED.

After April 2002, Plaintiffs' IDEA claims were pending twice at the administrative state level proceedings, First, based on the Due Process Hearing Officer's (DPHO) ruling that a one-year limitations period applied, only the 2001-2002 school year claims against Los Lunas were heard.  After an evidentiary hearing in the summer of 2002, the DPHO ruled against Plaintiffs on all their claims alleging a deprivation of a free appropriate public education (FAPE) by Los Lunas.  Plaintiffs appealed to the second tier of the state administrative process, the Administrative Appeal Officer (AAO).  The AAO found a three-year limitations period applied and attempted to remand to the DPHO for additional evidence.  THE DPHO refused to hear the evidence based on her assessment that she lacked jurisdiction.

In 2003, Plaintiffs and the Los Lunas Public Schools subsequently filed parallel actions, in state and federal court respectively, which were consolidated into this present action.  This Court confined its initial review to the question of the appropriate statute of limitations, and concluded that a two-year statute of limitations applied to the IDEA claims.  In August 2005, the Court remanded to the NMPED to reinitiate the IDEA state administrative process, and entered a stay in the federal case.

The NMPED remanded the case to the DPHO, who took additional evidence against Los Lunas, but granted APS's motions to dismiss any claims against it arising out of the 1999-2000 school year.  In the second IDEA due process hearing against Los Lunas, the DPHO found for Plaintiffs, awarding 390 hours of compensatory education for Matthew because of Los Lunas's denial of FAPE.  Plaintiffs appealed to the AAO; Los Lunas did not cross appeal.  The AAO reviewed the entire record and considered Plaintiffs claims against both APS and Los Lunas. The AAO did not alter the DPHO's rulings as to APS, but did find additional denial of FAPE by

Los Lunas and awarded 270 additional hours of compensatory education and services to Plaintiffs.

Plaintiffs filed a request seeking to lift the stay in July 2006. Los Lunas filed another separate action, which it subsequently did not pursue, instead filing a counterclaim to Plaintiffs First Amended Appeal of IDEA Administrative Action and Complaint for Damages.

## DISCUSSION

The Individuals with Disabilities Education Act (IDEA) provides that following exhaustion of administrative remedies, a family may file a civil action in court concerning the denial of FAPE, and that as part of the civil action, a court "shall consider additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(B)(ii). Plaintiffs suggest that, upon request, the Court must hear additional evidence. The Court disagrees.

In this Circuit, additional evidence only includes evidence that is supplemental to the record, such as evidence that fills in gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. *Miller ex rel. S.M. v. APS*, 455 F. Supp. 2d 1286, 1302 (D.N.M. 2006); *see also L.B. v. Nebo Bd. of Educ.*, 379 F.3d 966, 974 (10th Cir. 2004) ("additional evidence" is "merely supplemental to the administrative record") (citing *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472-73 (9th Cir. 1993) ("'The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.'")). A requesting party must provide

some solid justification for its request that a district court hear additional evidence. *E.S. v. Indep. Sch. Dist., No. 196*, 135 F.3d 566 (8th Cir. 1998). Hearing additional evidence is warranted only if the movant provides a particularized and compelling justification for doing so, including an explanation both as to why the movant did not present the evidence at the administrative level, and why the evidence is probative of the issues before the court. *Cf. Konkel v. Elmbrook Sch. Dist.*, 348 F. Supp. 2d 1018 (E.D. Wis. 2004).

Plaintiffs ask the Court to consider additional testimonial and documentary evidence on the 1999-2000 school year during which Matthew Aragon did not attend school and related historic evidence as to school district practices providing special education to students such as Matthew. Plaintiffs maintain that the evidence was either: (1) obtained through discovery in federal court and not available for the January 2006 evidentiary hearing, (2) as to part of the evidence against APS, improperly excluded by the Due Process Hearing Officer's pre-hearing dismissal of Plaintiffs' claims against APS, or (3) information regarding Matthew's present circumstances that would be necessary should the Court determine additional relief is appropriate.

I.      APS.

As a threshold matter, APS argues that Plaintiffs seek to admit evidence on IDEA claims that are subject to a two-year statute of limitations. Pursuant to the Court's order, all of Plaintiffs' IDEA claims arising from events occurring on or before April 17, 2000, two years before Plaintiffs filed their Due Process Hearing request on April 17, 2002, are time barred. However, Plaintiffs request for additional evidence with respect to the portion of the 1999-2000

school year occurring after April 18, 2000, is nonetheless still viable.[1]

APS next argues that Plaintiffs' evidence regarding the 1999-2000 school year is immaterial because APS did not owe a "child find" duty to a non-resident student. "Child find" is a term of art under the IDEA. It is a mandatory prerequisite for state eligibility for receipt of funding under the Act. The 1997 language regarding child find, and specifically state eligibility, found at 20 U.S.C. Section 1412(a)(3)(A), provides that a state is eligible for assistance if the state demonstrates that it has in effect policies and procedures to ensure that "[a]ll children with disabilities residing in the State . . . regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and evaluated and a practical method is developed and implemented to determine which children with disabilities are currently receiving needed special education and related services." This mandate applies to the local educational agencies (LEAs) through operation of 20 U.S.C. § 1413(a)(1), which requires that LEAs must have policies consistent with state policies and procedures established to comply with 20 U.S.C. § 1412.

Plaintiffs maintain that neither the state educational agency (SEA) nor the LEAs had sufficient child find policies or procedures in place, which cumulative failures resulted in Matthew losing out on the entire 1999-2000 school year of education. Plaintiffs argue that they contacted both Los Lunas and APS in the fall of 1999 in order to obtain education for Matthew, and that neither district accepted him, and, "when challenged, each district point[ed] the finger at each other, or, more unbelievably, at Matthew's parents." With respect to APS specifically,

---

[1] Plaintiffs' IDEA claims against Los Lunas arising after April 18, 2000, are likewise viable and not barred by the two-year statute of limitations.

Plaintiffs contend that "APS . . . had no assurance that Matthew was attending or enrolled at Los Lunas Schools and never took any concrete action to assist the family enroll Matthew despite APS's institutional knowledge of Matthew's highly specialized needs as well as his history of missing a lot of education when enrolled in the APS due to absence of appropriate programming and staffing."

Section 1413(a)(1) limits a LEA's child find obligations to "children with disabilities within its jurisdiction." 20 U.S.C. § 1413(a), (a)(1) ("A local educational agency is eligible for assistance under this part for a fiscal year if such agency submits a plan that provides assurances to the State educational agency that the local educational agency . . . in providing for the education of children with disabilities within its jurisdiction, has in effect policies, procedures, and programs that are consistent with the State policies and procedures established under [20 U.S.C. § 1412]."). Accordingly, once Matthew moved to Los Lunas in August 1999, APS no longer had any child find obligations with respect to Matthew. Plaintiffs, therefore, have not demonstrated that the evidence relevant to Plaintiffs' claims against APS for the 1999-2000 school year was improperly excluded at the administrative level. Evidence against APS regarding Matthew's present circumstances to craft a remedy is likewise inappropriate, because APS had no child find obligations with respect to Matthew in the 1999-2000 school year to justify a remedy. The Court therefore denies Plaintiffs' motion to hear additional evidence against APS.[2]

---

[2] Because the Court denies Plaintiffs' motion to consider additional evidence against APS on the ground that the AAO did not improperly exclude evidence regarding the 1999-2000 school year, the Court need not consider APS's additional arguments that the "child find" claims were not raised at the administrative level or in the complaint, that Plaintiffs' claims against APS are moot, or that supplemental evidence is inappropriate because Plaintiffs did not exhaust their

II.     Los Lunas.

Although Plaintiffs ask the Court to hear additional evidence against Los Lunas relevant to the end of the 1999-2000 school year and evidence relevant to Matthew's present circumstances, Plaintiffs do not satisfy their burden of providing the Court with a particularized and compelling justification for admitting such evidence. Plaintiffs only argue generally that the consideration of additional evidence is a procedural mandate under the IDEA (an argument that the Court already has rejected, *see supra* at 1-2 (citing *Miller*, 455 F. Supp. 2d 1302; *Nebo*, 379 F.3d at 974)), that the Federal Rules of Civil Procedure contemplate the hearing of evidence not available at the administrative level, and that the evidence of Matthew's present circumstances is relevant to crafting a remedy. Plaintiffs do not inform the Court of the substance of the evidence they seek to admit, explain why or how the specific evidence they seek to admit is probative of any of the IDEA issues before the Court, or otherwise attempt to provide the Court with a particularized and compelling justification for hearing the evidence. *Cf. Konkel*, 348 F. Supp. 2d at 1022 ("While the proponent need not provide a verbatim recitation of the supplemental evidence, it must provide the court with a synopsis sufficient to determine its relevance."). Moreover, even if Plaintiffs had identified the evidence with specificity and explained how that evidence was probative of the issues in this case, Plaintiffs have not explained why they did not present the evidence at the administrative level and how that omission was related to a reason such as mechanical failure, unavailability of a witness, or improper exclusion of evidence by the administrative officer. *Cf. Miller*, 455 F. Supp. 2d at 1302. Rather, Plaintiffs simply state that the evidence was obtained through federal discovery, without citing any precedent authorizing

---

child find claims below.

the Court to admit evidence simply because it was obtained through subsequent discovery in a federal lawsuit.

Without providing the Court with any specific description of the additional evidence Plaintiffs seek to admit, the Court cannot conclude whether the evidence is relevant, and Plaintiffs therefore have not satisfied their burden. In addition, without any specific indication of what evidence Plaintiffs seek to admit, the Court cannot determine whether the admission of the evidence would allow the Court to maintain the proper character of review (*i.e.*, a modified *de novo* review) or cause the character impermissibly to rise to the level of a *de novo* trial. *Nebo*, 397 F.3d at 973. The Court therefore denies Plaintiffs' motion.[3]

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Plaintiffs' Motion for Additional Evidence as to IDEA "Child Find" Claim against APS and Los Lunas, filed February 12, 2007 **[Doc. 140]**, is hereby **DENIED**.

Dated this 21st day of September 2007.

                                               *[signature]*
                                               JUDITH C. HERRERA
                                               UNITED STATES DISTRICT JUDGE

---

[3] Defendant Los Lunas also argues that the Court should reject Plaintiffs' request to hear additional evidence on the additional grounds that (1) the "child find" claims were not raised at the administrative level or in the complaint, and (2) Plaintiffs did not exhaust their child find claims below, and (3) supplemental evidence regarding Matthew's present circumstances is not appropriate for admission. Because the Court already has denied Plaintiffs' motion on the ground that Plaintiffs have not provided the Court with a particularized and compelling justification for hearing the evidence, the Court need not consider these additional arguments.